UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARLYS SUSHOREBA, RANDY MYHRE and JULIE MYHRE, and all others similarly situated, proposed class representatives,

Plaintiffs,

v.

EASY HEAT, INC.,

Defendant.

CIVIL NO. 02-420 (MJD/RLE)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on April 4, 2002 upon Plaintiffs' Motion to Remand and for Attorney Fees and Expenses [Docket No. 8]. Defendant's Motion to Partially Strike Class Allegations [Docket No. 12] was withdrawn without prejudice at the hearing. Darron C. Knutson, Esq., Mark A. Soleheim, Esq. and T. Joseph Snodgrass, Esq. appeared on behalf of Plaintiffs; George W. Flynn, Esq. and John H. Beisner, Esq. appeared on behalf of Defendant. The Parties were permitted to file post-hearing Memoranda, the last of which was filed April 24, 2002.[1]

**FINDINGS OF FACT/REPORT**

This action was commenced by the filing of a Class-Action Complaint in the District Court of the State of Minnesota. The Complaint alleges that Defendant manufactures, sells and installs radiant heating systems; the Plaintiff class purchased

1 The following Memoranda were submitted by the Parties and considered by the Court: Notice of Removal [Docket No. 1]; Memorandum of Law in Support of Plaintiffs' Motion [Docket No. 9]; Defendant's Opposition [Docket No. 11]; Plaintiffs' Reply Memorandum [Docket No. 14]; Plaintiffs' Supplemental Memorandum [Docket No. 17]; Supplemental Memorandum in Opposition [Docket No. 19]; Plaintiffs' Supplemental Reply Memorandum [Docket No. 20]; and Defendant's Further Supplemental Memorandum [Docket No. 23].

FILED JUN 13 20
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

these systems, but the systems failed to produce heat; Defendant "manufactured, distributed and falsely advertised a defective product." The Amended Complaint contains the following prayer for relief:

1. Certification of this plaintiff class and appointing Plaintiffs and their counsel to represent the class;

2. Compensation for damages suffered by Plaintiffs and the proposed class members;

3. Award of reasonable attorneys' fees and costs and disbursements incurred herein;

4. Enjoin Easy Heat from engaging in any conduct in violation of statute;

5. Declaring the rights and obligations of the parties as prayed for; and

6. Such other and further relief the Court deems just and equitable.

Within the time required by the statute, Defendant filed a Notice of Removal, contending that diversity jurisdiction exists in that "the parties are completely diverse, and the amount in controversy (when properly adduced) exceeds $75,000 per Plaintiff." The Motion to Remand seeks a determination that federal jurisdiction is lacking. A remand order is case dispositive under 28 U.S.C. § 636(b), and is to be decided by the District Court. First Union Mortgage Corp. v. Smith, 229 F.3d 992 (10th Cir. 2000), In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998), and Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001). Accordingly, our decision is rendered in the form of a Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636 (b)(1)(B).

We first consider a procedural issue raised by Plaintiffs. Plaintiffs urge that the matter should be remanded because the Amended Complaint was not attached to the Notice of Removal. Defendant contends that at the time it served the Notice of Removal

the Amended Complaint had not been served on it. It attached the only Complaint which had been served on it, in compliance with 28 U.S.C. § 1446(a) which requires that the removing party file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." We conclude that its Notice of Removal was sufficient. Agee v. Huggins, 888 F. Supp. 1573, 1577 (N.D. Ga. 1995)("Defendant's failure to file documents with which he was never served does not violate Section 1446. In any event, a party's initial failure to file papers as part of the removal petition may be cured by amendment.") In addition, there do not appear to be any material differences between the Complaint and the Amended Complaint, and the parties have presented their arguments based upon the allegations in the Amended Complaint. We now turn to the merits of the issue.

The legal principles governing a Motion to Remand are summarized in two recent cases of this Court. Crosby v. Aid Association for Lutherans, 199 F.R.D. 636 (D. Minn. 2001), and Chase v. W.R. Grace & Co., 168 F. Supp.2d 1020 (D. Minn. 2001): As the party invoking removal, Defendant bears the burden of establishing federal jurisdiction, by a preponderance of the evidence;[2] all doubts must be resolved in favor of a remand to state court; the Courts in this circuit determine the amount of damages from the Plaintiff's not the Defendant's point of view;[3] in a class action suit (like this one) where the plaintiffs have separate and distinct claims, the claim of each Plaintiff must satisfy the jurisdictional amount; and remand is proper if each and every member of the Plaintiff class

---

2

See also Kopp v. Kopp, 280 F.3d 883, 884-85 (8th Cir.2002).

3

Defendant suggests that the Supreme Court may reach a different result in Ford Motor Co. v. McCauley, 2002 WL 132901. As of this writing, the Supreme Court has not reached a decision in that matter.

does not meet the $75,000 amount in controversy requirement of 28 U.S.C. §1332.

Plaintiffs allege that there is jurisdiction over the removed action based upon diversity of the parties, contending that each of the Plaintiffs in the removed action has a claim for damages "which exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Plaintiffs cite Higgins v. Compris Technologies, Inc., 1997 WL 851261 for the proposition that "failure to provide factual support in the Notice of Removal for the amount in controversy is fatal to federal jurisdiction and bars removal." It is not entirely clear what is meant by this argument, but to the extent Plaintiffs contend that Higgins limits the Court to examining only facts presented in the Notice of Removal, we do not believe the case supports that view. At the same time, the Court may not rely upon conjecture or argument, and it must consider only those facts which existed at the time of the Notice of Removal. In making its determination as to whether Plaintiff has sustained its burden of proof as to this claim, the Court is guided by the following principle: "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the Plaintiff suffered are greater than $75,000." Kopp v. Kopp, 280 F.3d 883, 884-85 (8th Cir.2002). We now turn to the "pleadings and proof adduced to the court" on the Motion.

## I. PLAINTIFFS HAVE NOT SUBSTANTIATED THAT THE DAMAGES SUFFERED BY ALL PLAINTIFFS EXCEEDS $75,000.

We examine the allegations in the Amended Complaint as a starting point for our consideration of the damages at issue. Defendant has suggested that there are several categories of damages which should be considered based upon the allegations in the Amended Complaint. We first examine those which are arguably applicable to all of

the members of the class, and then consider allegations as to particular plaintiffs

**Allegations Generally Applicable**

**A. Punitive Damages**

Defendant argues that the Court should compute the amount of damages which a jury might award if the Plaintiffs were to be awarded punitive damages. Punitive damages could not be awarded to Plaintiffs based upon their Amended Complaint. Under Minnesota law, parties seeking to recover punitive damages must receive court permission to make such allegations in their Complaint. This requires compliance with the procedural provisions of Minn. Stat. § 549.191, after satisfying a court of the substantive elements specified in Minn. Stat. § 549.20. Neither of those events has taken place in this case. No amount of money may be attributed to this factor in the consideration of this Motion.

**B. Injunction**

Plaintiffs' Complaint seeks the following injunctive relief: "Enjoin Easy Heat from engaging in any conduct in violation of statute." Defendant contends that in practical effect, if such an injunction were granted, it would subject them to great cost and expense. We conclude that the Court should not consider any dollar amount of damages attributable to the potential of such an injunction. We are skeptical that an injunction could issue as prayed for in the Complaint. See e.g. Daniels v. Woodbury County, Iowa, 742 F.2d 1128, 1134 (8th Cir.1984) ("[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough.") (citing Meyer v. Brown & Root Const. Co., 661 F.2d 369, 373 (5th Cir.1981) ("A general injunction which in essence orders a defendant to obey the law is not permitted."). In any event, the expenses associated with being to comply with the law are not damages which are part of the amount in controversy raised by Plaintiffs' Amended Complaint, since the duty to comply with the law exists

without regard to this litigation. If there is any potential for damages from the injunction prayed for in the Complaint, it is remote.

C. **Attorney's Fees**

Defendant points out that if Plaintiffs prevail in this action, they may be entitled to recover attorney's fees. It is appropriate to consider this factor, taking the total of the potential attorney's fees award, and dividing it by the number of Plaintiffs. The difficulty presented by this math problem is that the evidence does not establish very well what the numerator nor what the denominator should be. As Defendant points out, if we assume 5,000 class members, and an attorney's fees award of ten million dollars, the amount attributable to each Plaintiff is $2,000.

**Allegations as to Specific Plaintiffs**

As noted earlier, one of the tasks of the Court is to determine whether any members of the class have claims which do not exceed $75,000. For convenient consideration, the damages suffered by each individual fall into roughly three categories: repair and replacement costs; diminution in value to the structure in which the system was placed; and emotional distress/personal injury kinds of damages. Plaintiffs have substantiated that a number of the members of the alleged class have claims which would clearly exceed the jurisdictional amount. However, on the basis of the evidence before us, we conclude that Plaintiffs have failed to satisfy their burden of showing that the claims of all of the members of the class are for sums exceeding $75,000, since there are a number of Plaintiffs whose claims may not reasonably be said to reach that sum.

Plaintiffs argue that the Court should not indulge review of persons who claim to be members of the class, but who are not what might be called "genuine" members of the class. It is not necessary to consider the claims of the disputed Plaintiffs to reach the

conclusion that there not all Plaintiffs have claims which reach the jurisdictional amount. A fair method of analysis is to begin with a consideration of the Plaintiffs who are named in the Amended Complaint. Plaintiffs offered no evidence to assist in valuing the claims of these persons; Plaintiffs did not offer any evidence as to these persons until it filed its post-hearing Memorandum, and that evidence is in the form of an Affidavit of T. Joseph Snodgrass, [Docket No. 21], counsel for those Plaintiffs, so the issue is not entirely free from doubt. But it is Defendant, not Plaintiffs, who have the burden of producing the evidence.

Plaintiff Marlys Sushoreba paid $2,500 to Defendant for their heating system in her home. Prior to this litigation, she asked Defendant to pay her about $17,000 to replace her system. Defendant offered $2,240.

Plaintiffs Mark and Christal Pernat initially sought to resolve their claim against Defendant by commencing a claim in Conciliation Court, where the jurisdictional limit is $7,500. They settled their claim concerning their home for $6,800, and have not yet resolved the claim as to their garage.

Plaintiffs Randy and Julie Myhre sought to settle their claims against Defendant for $34,428, or installation of a defect-free radiant heating system. Defendant did not respond to the offer.

There is no evidence that after appropriate replacement, there would be additional diminution in value of the homes or garages of these Plaintiffs.

Each of these Plaintiffs makes a claim for emotional distress, but there is no evidence that they sought medical treatment, nor that their damages are sufficiently severe to warrant recovery of substantial damages.

Based on the evidence before us, we cannot say that Plaintiffs have sustained their burden of proving by a preponderance of the evidence that the claims of any of these Plaintiffs meets the jurisdictional limit. The evidence also shows that some of the members of the Plaintiff class merely installed the Defendant's system in their garage. Other users of the Defendant's system were corporations. None of these members of the alleged class are likely to recover any emotional distress damages, and it is not shown that their other damages will reach the jurisdictional amount.

Defendant argues that even if the Court finds that not all of the Plaintiffs have claims which meet the jurisdictional amount, it should grant the Motion to Remand only as to those Plaintiffs whose claims are for less than $75,000. In support of this view, they point out that in Trimble v. Asarco, Inc., 232 F.3d 946 (8th Cir. 2000), the Court stated that "each member of the proposed class must satisfy the amount-in-controversy requirement or must be dismissed from the case" (Trimble, 232 F.3d at 960), and suggest that this means that only the members who fail to satisfy the amount must be dismissed. This conclusion is bolstered, they argue, by this phrase from the opinion: "If no member of the Plaintiff class satisfies the jurisdictional threshold, the state law claims were properly dismissed in their entirety by the district court." Id. at 962. They cite In re LifeUSA Holding, Inc., 242 F.3d 136 (3d Cir. 2001) for the same proposition.

This argument was not comprehensively addressed by the Plaintiffs, but we conclude that the reasoning of those cases does not apply in the context of a Motion to Remand. The procedural context of the language quoted from Trimble and LifeUSA is materially different from that presented in the case now before the Court. Those were cases involving plaintiffs who had sought to invoke federal jurisdiction over their class action, and the defendants had moved to dismiss. Those cases simply hold that where a

plaintiff asserts a claim which meets the diversity and jurisdictional amount standards of 28 U.S.C. § 1332, the Complaint will not be dismissed, even if others who seek to join that plaintiff fail in their efforts to establish jurisdiction.

The issue presently before this Court is different from the issue on a Motion to Dismiss. The Notice of Removal removed the entire action to this Court, and the Motion to Remand seeks to have it returned to state court. The Amended Complaint is not divisible, and the Court is not called upon to make comprehensive determinations of class membership. It must simply decide whether the Amended Complaint should be remanded, i.e. whether the Plaintiffs' Amended Complaint should proceed in federal court, or whether it should proceed in state court. Familiar principles guide the court in making that decision, one of which is that a defendant may remove a class action complaint to federal court only if all of the plaintiffs in the alleged class have claims which exceed the statutory minimum. See e.g. Crosby, 199 F.R.D. at 640; In re Potash Antitrust Litigation, 866 F. Supp. 406, 411 (D. Minn.1994).

## II. THE MOTION SEEKING FEES SHOULD BE DENIED

Under the provisions of 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs ask the Court to order Defendant to pay costs and attorney's fees of $18,250, relying upon Gray v. New York Life Ins. Co., 906 F. Supp. 628 (N.D. Ala. 1995) and Traynor v. O'Neil, 94 F. Supp.2d 1016, 1022 (W.D. Wis. 2000). We do not find in Defendant's pleadings a specific response to this part of the Motion, but we nonetheless recommend that it be denied.

A commentator has observed that "a lively practice has developed under this relatively new provision." 14C Wright-Miller-Cooper, Federal Practice and Procedure, § 3739, p. 478. Numerous cases have considered the issue, and we are persuaded that the following is an appropriate statement of the principles to be applied: "A factor that usually is taken into account is the bona fides or lack thereof present in the defendant's filing the notice of removal . . . and where the defendant's erroneous action seems to fall on a spectrum running from reasonable to frivolous." Id., pp. 481 et seq. In this case, the issue turns principally on the resolution of the factual question of whether Defendant met its burden of proof in establishing that the claims of all of the Plaintiffs met the jurisdictional amount, a subject as to which there could be reasonable disagreement. Accordingly, we do not recommend that the District Court issue an award of costs or attorney's fees.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiffs' Motion to Remand [Docket No. 8] be granted insofar as it seeks to have the matter remanded to the District Courts of the State of Minnesota, but denied insofar as it seeks the imposition of costs.

Dated: June 3, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before June 18, 2002 written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before June 18, 2002.